# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VASHAN KYLES, ) | |
| ) | |
| Appellant, ) | No. 17 CV 1511 |
| ) | Judge John J. Tharp, Jr. |
| v. ) | |
| ) | |
| FEDERAL HOME LOAN ) | |
| MORTGAGE CORP et al., ) | |
| ) | |
| Appellees. ) | |

## MEMORANDUM OPINION AND ORDER

This is an appeal from a bankruptcy court order dismissing an adversary proceeding as barred by the *Rooker-Feldman* doctrine. The appeal turns on the question of whether a state court judgment of foreclosure and sale constitutes a final judgment for purposes of applying that jurisdictional doctrine. The Court concludes that *Rooker-Feldman* applies notwithstanding the interlocutory character of the judgment of foreclosure under state law governing the finality of appeals and so affirms the bankruptcy court's dismissal of the adversary proceeding.

## I. BACKGROUND

Appellant VaShan Kyles bought a home in Calumet City, Illinois, in 2007. She purchased the property with a loan from the Federal Home Loan Mortgage Company ("Freddie Mac"), secured by a mortgage on the property. In 2011, appellee Ocwen Loan Servicing, LLC, as the loan servicer for Freddie Mac, filed a complaint against Kyles in state court seeking to foreclose on the mortgage. Over the course of the next several years, the suit was litigated in state court. Kyles filed affirmative defenses and counterclaims which, among other things, challenged the validity of the assignment of the mortgage and Ocwen's standing as servicer to enforce the note and mortgage, and asserted that the note and mortgage were void based on the fraudulent

conduct of the originator Taylor, Bean & Whitaker ("TBW") and in any event were satisfied based on the doctrine of "accord and satisfaction." In November 2015, the state court granted summary judgment for the servicer (which by then was Residential Credit Solutions), denied Kyles' motion for summary judgment, and entered a judgment of foreclosure and sale against Kyles on November 13, 2015.

The following month, Kyles filed for Chapter 7 relief under the Bankruptcy Code. She listed the property as an asset of the estate in her bankruptcy schedule of assets; at that time, the property had not yet been sold pursuant to the state court's sale order. In August 2016, Kyles filed an adversary proceeding in the bankruptcy case against Freddie Mac, Ocwen, and TBW. The adversary complaint alleged that the defendants never held a valid lien on the property. She sought relief including: a declaration that the mortgage is void; clear title to the property; and damages. Kyles does not dispute that the relief she seeks in the adversary proceeding, and the arguments she advanced to justify that relief, are the same that she asserted in the state court foreclosure action.

The defendants moved to dismiss the adversary complaint for lack of subject matter jurisdiction, asserting that the complaint was barred by *res judicata* and the *Rooker-Feldman* doctrine.[1] The bankruptcy court agreed that dismissal was appropriate under the *res judicata* and *Rooker-Feldman* doctrines and granted the defendants' motions to dismiss.[2] Order Dismissing

---

[1] The defendants also asserted that the adversary complaint failed to state a claim and that the Court should abstain based on *Colorado River* abstention principles. The bankruptcy court did not address these arguments in its order granting the motions to dismiss.

[2] It appears that the bankruptcy court did not enter a judgment order as required by Fed. R. Civ. P. 58 (which applies in adversary proceedings per Bankruptcy Rule 7058). An opinion explaining the reasons for denying a motion cannot double as the "separate order" required by Rule 58. *See, e.g., Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (*en banc*) ("Rule 58 is designed to produce a distinct indication that the case is at an end, coupled with a precise

Complaint, Adv. Dkt. No. 53 ("Order"). Kyles then filed a timely appeal. This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a)(1).

## II. ANALYSIS

Although the bankruptcy court addressed both *res judicata* and the *Rooker-Feldman* doctrines, and began with *res judicata,* the Court finds it more appropriate to start with the applicability of the *Rooker-Feldman* doctrine, which is jurisdictional.[3] *Lennon v. City of Carmel,* 865 F.3d 503, 506 (7th Cir. 2017). And because that doctrine teaches that the bankruptcy court has no jurisdiction to provide the relief that Kyles seeks, that is as far as the analysis should go.

---

statement of the terms on which it has ended. It should be a self-contained document, saying who has won and what relief has been awarded, but omitting the reasons for this disposition, which should appear in the court's opinion."). Although the failure to enter a judgment order can have jurisdictional ramifications (the time to appeal begins running when the judgment is entered on the docket; *see* Fed. R. App. P. 4(a)(1)(A); Fed. R. Bankr. P. 8001(a)), the failure to enter the required judgment does not deprive this Court of jurisdiction where it is plain that the adversary proceeding was at an end, as it was here when the bankruptcy court determined that it did not have subject matter jurisdiction, the dismissal is recorded on the docket, and no party has contended that the bankruptcy court's order did not reflect a final disposition of the adversary proceeding. *Remijas v. Neiman Marcus Group, LLC,* 794 F.3d 688, 691 (7th Cir. 2015).

[3] The bankruptcy court addressed *res judicata* before *Rooker-Feldman*; the propriety of doing so is not completely clear. The Supreme Court has held that while "jurisdictional questions ordinarily must precede merits determinations in dispositional order, … a federal court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (internal citations and punctuation omitted). The Supreme Court has not addressed whether *res judicata* constitutes a non-merits ground that may be addressed before confirming subject matter jurisdiction, but the Seventh Circuit has held that "[w]here *Rooker–Feldman* applies, lower federal courts have no power to address other affirmative defenses, including *res judicata*.... [W]here *Rooker–Feldman* applies, the *res judicata* claim must not be reached." *Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004) (quoting *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir.1996). That view strongly suggests that this Circuit does not favor resolution of *res judicata* defenses prior, or in addition, to resolving jurisdictional issues such as the applicability of *Rooker-Feldman.* Other courts adverting to the issue have taken divergent views. *See, e.g.*, *Yokeno v. Sekiguchi*, 754 F.3d 649, 651 n.2 (9th Cir. 2014) (leaving question open); *Graboff v. American Ass'n of Orthopaedic Surgeons,* 559 App'x 191, 193 n.2 (3d Cir. 2014) (holding that *res judicata* defense may be granted without confirming jurisdiction); and *Environmental Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) (declining to apply *res judicata* defense before assessing jurisdiction).

This Court's review is *de novo*. *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 646 (7th Cir. 2011).

It is axiomatic that, other than the Supreme Court,[4] federal courts have no authority to hear appeals from state court judgments in civil litigation. This jurisdictional limitation on federal judicial power gives rise to what is commonly referred to as the *Rooker-Feldman* doctrine, a rule eponymously named for the two Supreme Court cases that originally shaped it, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The rule can be simply stated: federal courts, other than the Supreme Court, lack the power to modify state court judgments in civil litigation. Its application, however, can be complicated by any number of issues, and one presents itself in this case: what constitutes a state court "judgment" subject to the rule?

"The paradigmatic *Rooker–Feldman* litigant is one who … loses in state court and asks a federal district court to modify the state decision." *United States v. Alkaramla*, 872 F.3d 532, 534 (7th Cir. 2017). That describes Kyles and her claim in the adversary proceeding precisely; after losing the foreclosure battle in state court, she seeks to negate the state court's foreclosure judgment by obtaining a declaration from a federal court that the mortgage is void. As the bankruptcy court recognized, it could not grant the relief Kyles sought—to declare the mortgage void, award Kyles clear title to the property, and award damages—"without explicitly overruling the state court's judgment." Order at 6.

---

[4] 28 U.S.C. § 1257 provides statutory authority to the Supreme Court to review final judgments of state courts in cases "where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."

If the state court judgment of foreclosure and sale constitutes a "judgment" for purposes of the *Rooker-Feldman* doctrine, then resolution of this case is straightforward: it is barred. *See, e.g., Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642 (7th Cir. 2011) (federal court challenges to validity of Indiana foreclosure judgment barred by *Rooker-Feldman* doctrine); *Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004) ("district court correctly determined that requesting the recovery of her home is tantamount to a request to vacate the state court's judgment of foreclosure … and [] the *Rooker-Feldman* doctrine barred granting that relief."); *Riddle v. Deutsche Bank Nat'l Trust Co.*, 599 Fed. App'x 598, 600 (7th Cir. 2015) (claim that defendants deprived plaintiff of due process and violated state law by foreclosing on his house barred by *Rooker-Feldman* because "it was the state-court judgment that *authorized* the foreclosure and subsequent sale") (emphasis in original); *Calhoun v. CitiMortgage, Inc.*, 580 Fed. App'x 484, 486 (7th Cir. 2014) ("To the extent that [plaintiff] wants his loan to be modified or the foreclosure overturned, *Rooker-Feldman* bars his claims because he is attacking the state foreclosure judgment."); *Ross-W. v. Bank of New York Mellon Corp.*, 523 F. App'x 395, 396 (7th Cir. 2013) ("No matter how the [plaintiffs] frame their complaint, the district court could not grant the requested relief—a judgment declaring them to be the rightful owners of the home—without disturbing the state court's foreclosure judgment. Their suit thus challenges the adverse state judgment and is barred in federal court by *Rooker–Feldman*.").

But in this appeal, Kyles' maintains that the state court foreclosure judgment is not a final judgment. Opening Brief, ECF. No. 18, at 8-9. Under Illinois law, a foreclosure judgment cannot be appealed until the sale order has been implemented and the sale of the foreclosed property has been completed. *See, e.g., HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 775–77 (7th Cir.2015); *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 12, 999 N.E.2d 321, 325

5

(Ill. 2013). Kyles reasons that because the foreclosure judgment was not final for purposes of appeal, *Rooker-Feldman* does not bar federal jurisdiction over an action targeting the foreclosure judgment.

As an initial matter, Kyles did not raise this argument in the bankruptcy court. *See* Plaintiff's Response to Defendant Ocwen Loan Servicing, LLC Motion to Dismiss Plaintiff's Adversary Complaint [sic], ECF No. 8-26.[5] And, of course, "[a]rguments not raised in the bankruptcy court are forfeited on appeal." *In re Cohen*, 507 F.3d 610, 614 (7th Cir. 2007). The appellees do not assert the forfeiture in their responses, however, so they have "forfeited the forfeiture." *See, e.g., United States v. Jones*, 152 F.3d 680, 684 n.2 (7th Cir. 1998); *cf., e.g., Morgan v. City of Chicago,* 822 F.3d 317, 336 n.50 (7th Cir. 2016) (defendants "waived their waiver argument"). Accordingly, the Court addresses the merits of Kyles' argument against dismissal based on *Rooker-Feldman*.

That the judgment and foreclosure order was not yet appealable as a matter of state procedure does not mean that the judgment of foreclosure was not a judgment insulated from review by federal courts. The Seventh Circuit has confirmed "that interlocutory orders entered prior to the final disposition of state court lawsuits are not immune from the jurisdiction-stripping powers of *Rooker–Feldman*." *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016) (citing *Harold v. Steel,* 773 F.3d 884, 886 (7th Cir. 2014)).[6] And in *Carpenter v. PNC Bank Nat'l Ass'n*, 633 Fed. App'x 346 (7th Cir. 2016), the Seventh Circuit

---

[5] Although this document is denominated as a response to Ocwen's motion to dismiss, it actually constitutes Kyles' response to the motions of both Ocwen and Freddie Mac.

[6] In *Harold,* the Seventh Circuit's discussion of *Rooker-Feldman*'s applicability to interlocutory orders was *dicta*, but no so in *Sykes*, where the court of appeals endorsed *Harold*'s view and applied *Rooker-Feldman* in affirming the district court's ruling that it lacked subject matter jurisdiction to an interlocutory procedural ruling.

applied *Rooker-Feldman* in precisely the same factual context presented by this case: a federal suit filed after an Illinois court entered a judgment of foreclosure but before sale of the property. The *Carpenter* court affirmed dismissal of the case despite acknowledging that under Illinois law the judgment of foreclosure was not yet appealable, noting that the argument against applying *Rooker-Feldman* to a "non-final" order like a foreclosure judgment is not compelling, because if, as was argued there and as Kyle maintains here, the foreclosure judgment is interlocutory rather than final, it still cannot be reviewed by a federal court because "a truly interlocutory decision should not be subject to review in *any* court." 633 Fed. App'x at 348 (quoting *Harold,* 773 F.3d at 886).

Moreover, the Seventh Circuit has held that in the context of a foreclosure action "[s]tate law determines the finality of a state judicial decision." *Mehta v. Attorney Registration and Disciplinary Commission*, 681 F.3d 885, 887 (7th Cir. 2012). And notwithstanding its acknowledgement that a foreclosure judgment is not final for purposes of appeal until a sale of the foreclosed property has been confirmed, the Illinois Supreme Court has held that a foreclosure judgment "***is final as to the matters it adjudicates***." *EMC Mortg. Corp. v. Kemp*, 2012 IL 113419, ¶ 11, 982 N.E.2d 152, 154 (emphasis supplied). And the matters adjudicated by the foreclosure order here plainly encompass the matters that Kyle raises in her adversary complaint, specifically the legitimacy of the defendants' lien on the property subject to the state court foreclosure action.

This recognition by the state courts as to the finality of the foreclosure ruling dovetails with the rationale of *Rooker-Feldman*'s stricture against *de facto* appeals of state court judgments to federal district courts. As Judge Chang observed in another case concluding that

7

*Rooker-Feldman* bars challenges seeking to overturn foreclosure judgments even before the foreclosure sale has been confirmed:

> [J]udgments of foreclosure are inherently different from ordinary interlocutory orders. A judgment of foreclosure does definitively decide certain claims asserted by the lender and does grant certain requests for relief sought by the lender. In that sense, the judgment is final on those definitively decided claims and requests for relief. Indeed, nothing in the ensuing state-court litigation would change the outcome of the judgment of foreclosure. So a foreclosure judgment is actually akin to a partial judgment under Federal Rule of Civil Procedure 54(b). See Fed. R. Civ. P. 54(b). In other words, the foreclosure judgment enters final decisions on certain claims and requests for relief, so much so that the parties then move forward with other claims and requests for relief on the premise that the foreclosure judgment is in place. If, after the entry of a foreclosure judgment, a borrower sought a federal-court declaratory judgment that the lender had no interest in the property, then the district court would be undoing the foreclosure judgment to hold otherwise. That claim would be barred under Rooker-Feldman.

*Balogh v. Deutsche Bank Nat'l Tr. Co.*, No. 17 CV 862, 2017 WL 5890878, at *5 (N.D. Ill. Nov. 28, 2017). Nothing in the sale process implicates the propriety of the foreclosure judgment and so there is no reason to exempt that judgment from *Rooker-Feldman*'s strictures. Kyles' adversary proceeding is no less a *de facto* appeal now than it would be after confirmation of the sale of her property.[7]

---

[7] This highlights the distinction between finality for purposes of appeal and purposes of assessing the jurisdiction of the federal courts. The two questions implicate different issues. The principle purpose of rules restricting interlocutory appeals is to avoid piecemeal appeals; it is, in other words, grounded in considerations of judicial efficiency. *See, e.g., Cobbledick v. United States*, 309 U.S. 323, 325 (1940) ("Congress from the very beginning has, by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy, set itself against enfeebling judicial administration. … To be effective, judicial administration must not be leaden-footed. Its momentum would be arrested by permitting separate reviews of the component elements in a unified cause."). *Rooker-Feldman*, to be sure, may promote efficiency to the extent that it prevents duplicative appeals in state and federal court, but its rationale is grounded not in concerns about efficiency but recognition of the nature and scope of judicial power vested in federal courts. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)

8

Finally, Kyles also argues that there is a fraud exception to the *Rooker-Feldman* doctrine, permitting federal court review of state court judgments allegedly procured by fraud. And so the Sixth Circuit has said. *See In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986). Unfortunately for Kyles, however, this Court lies within the Seventh Circuit, and our Court of Appeals has expressly and repeatedly rejected the notion that there is a fraud exception to the *Rooker-Feldman* doctrine. *See, e.g., Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015) ("The *Rooker-Feldman* doctrine is concerned not with why a state court's judgment might be mistaken (fraud is one such reason; there are many others) but with **which federal court** is authorized to intervene") (emphasis in original); *Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 511 (7th Cir. 1996) (affirming dismissal for lack of jurisdiction under *Rooker-Feldman*; "the proper court for an assertion of fraud in the procurement of a judgment is the one which rendered the judgment"). That Kyles claims that the defendants procured their state court judgment by fraud does not endow this Court with jurisdiction to invalidate that judgment. *Iqbal,* 780 F.3d at 729.

\* \* \* \* \*

For the foregoing reasons, the bankruptcy court's order of February 10, 2017, is affirmed.

---

(*Rooker-Feldman* addresses "the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate"). In the context of foreclosure judgments, the distinction between interlocutory and final does not suggest that a different result should follow application of *Rooker-Feldman*. "The principle that only the Supreme Court can review the decisions by the state judiciary in civil litigation is as applicable to interlocutory as to final state-court decisions." *Harold,* 773 F.3d at 886.

Dated: April 13, 2018

John J. Tharp, Jr.
United States District Judge